**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

WRCA CORP., INC.,

       Plaintiff,

v.                                                          Case No. 3:07-cv-829-32TEM

WEICHERT REAL ESTATE AFFILIATES,
INC.,

       Defendant.

_____

**ORDER**[1]

This case, which arises out of a dispute concerning a real estate brokerage office franchise agreement, comes before the Court on the Motion to Dismiss Counts I-V of Counterclaim filed by Plaintiff/Counter-Defendant WRCA Corp., Inc. ("WRCA"), (Doc. 23), and the Motion to Dismiss Counterclaim (actually a Third-Party Complaint under Federal Rule of Civil Procedure 14) filed by Third-Party Defendant Douglas Colpoys ("Colpoys"). (Doc. 29.) Defendant/Counter-Plaintiff Weichert Real Estate Affiliates, Inc. ("Weichert"), filed responses in opposition to the motions. (Docs. 27, 32). WRCA is not a named party to the Franchise Agreement ("Agreement") entered into between Weichert and Colpoys, but is a possible intended beneficiary who therefore may have enforceable rights under the Agreement. See Bochese v. Town of Ponce Inlet, 405 F.3d 964, 981 (11th Cir. 2005). As

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it is intended to decide the motion addressed herein and is not intended for official publication or to serve as precedent.

a possible intended third-party beneficiary, WRCA need not be named in the contract to assert rights under the contract. See Florida Power & Light Co. v. Mid-Valley Inc., 763 F.2d 1316, 1321 (11th Cir. 1985) (citation omitted) (applying Florida law to analyze question of third party rights under contract).

While in its motion to dismiss Weichert's counterclaim, WRCA resists efforts to be cast as a party to the Agreement, its pleadings thus far (including its complaint, first amended complaint, and proposed second amended complaint) belie that position. Indeed, WRCA brings this lawsuit seeking to enforce rights it alleges arise out of the formation and execution of the Agreement. The law is well settled that the conferring of rights under a contract carries with it attendant obligations. See, e.g., Trustees of Dartmouth College v. Woodward, 17 U.S. 518, 656 (1819) (opinion of J. Washington). Accordingly, if WRCA has enforceable rights against Weichert under this Agreement, then Weichert too may have recourse against WRCA. The resolution of those issues, however, cannot be determined by the four corners of the Agreement. See Florida Power, 763 F.2d at 1321 (considering evidence of pre- and post-contract actions of the parties to determine whether unnamed party was an intended beneficiary entitled to enforce contract under Florida law). Indeed, Count I of Weichert's counterclaim seeks clarification by a declaration of rights under 28 U.S.C. § 2201 to determine whether Weichert is a party to an Agreement with Colpoys, who signed the Agreement, or with WRCA, whose alleged pre- and post-contract activities have left Weichert in doubt as to the party against whom it can enforce the Agreement.

Due to the unclear relationship between WRCA and Weichert, WRCA's Motion to Dismiss is denied as to Count I. As to Counts II-V, the motion is due to be denied because

the determination of any rights to be enforced under those counts requires resolution of Count I.[2]  Third-Party Defendant Colpoys' Motion to Dismiss Counterclaim is denied because this bare-boned motion fails to provide sufficient grounds for the Court to rule.

Accordingly, it is hereby

**ORDERED:**

1.	Plaintiff WRCA's Motion To Dismiss Counts I-V of Counterclaim (Doc. 23) is **DENIED**.

2.	Third-Party Defendant Colpoys' Motion to Dismiss Counterclaim (Doc. 29) is **DENIED**.

3.	Plaintiff WRCA shall file an Amended Answer to Counts I-VI[3] of the Counterclaim no later than **May 12, 2008**.

4.	Third-Party Defendant Colpoys shall file his Answer to the Third-Party Complaint no later than **May 12, 2008**.

5.	No later than **May 12, 2008** Weichert shall either demonstrate that it has served Third-Party Defendant Colpoys Realty Group, Inc., or shall file a notice regarding the status of that service.

---

[2]	Weichert brought a sixth count against WRCA which WRCA has answered. See Doc. 24.

[3]	WRCA is not named in either of the two counts Weichert has labeled as Count VII (Indemnification as to Colpys Realty Group, Inc. and Breach of Guarantee as to Third Party Colpoys).

**DONE AND ORDERED** at Jacksonville, Florida, this 16th day of April, 2008.

TIMOTHY J. CORRIGAN
United States District Judge

e.
Copies to:
Counsel of Record